CHIEF JUSTICE PLEICONES:
I respectfully dissent and would dismiss the writ of certiorari as improvidently granted since I believe the Court of Appeals correctly reversed the trial court’s order finding HHE waived its right to arbitration.[3]
*516 I disagree with the majority that Johnson’s first litigation, seeking her mother’s medical records, is somehow relevant to the issue whether HHE waived its right to seek arbitration in this medical malpractice suit. In this matter, HHE raised arbitration in its answer filed on November 24, 2010, and Johnson filed a motion to strike that defense on December 1, 2010. It was only after the circuit court denied Johnson’s motion to strike in March 2011 that HHE was permitted to engage in discovery related to the arbitration issue. The majority holds, however, that when Johnson moved to strike HHE’s arbitration defense shortly after the answer was filed, HHE was obligated to immediately move to compel arbitration, because anything less was both “costly and dilatory.” It is undisputed, however, that the arbitration issue was in limbo until Johnson’s motions to strike were resolved in March 2011, and that the multiple court appearances were the result of Johnson’s own “multiple motions to compel,” and that “HHE appeared before the court [only] to defend [against Johnson’s] motions.” Johnson v. Heritage Healthcare of Estill, LLC, supra. I do not see any facts in this record supporting the majority’s conclusions that HHE’s actions were costly or dilatory, nor any evidence that Johnson was prejudiced by HHE’s failure to move to compel arbitration for approximately nine months after filing its answer raising the issue, especially since the arbitration discovery process was unavailable from December 2010 until March 2011 as the result of Johnson’s filing the motion to strike the defense. Compare, e.g., Evans v. Accent Mfg’d Homes, Inc., 352 S.C. 544, 575 S.E.2d 74 (Ct. App. 2003) (finding waiver where arbitration was neither pleaded nor raised for first nineteenth months of litigation)
In my opinion, nothing in this record supports a finding that Johnson met her “heavy burden” of overcoming the presumption that HHE did not waive its right to arbitrate, nor that she suffered an “undue burden” caused by HHE’s “delay” in demanding arbitration. Dean, supra. I therefore dissent, and would dismiss the writ as improvidently granted.

. The majority suggests that reversal is somehow compelled because "of the Court of Appeals’ summary reversal and failure to outline any factual or legal errors committed by the circuit court....” The Court of Appeals adequately addressed the waiver issue in its opinion:
3. We reverse as to whether the trial court erred in ruling Heritage waived arbitration. See Dean at 47 (ruling the appellants did not delay in filing their demand for arbitration when the appellants participated in the statutorily required mediation process, and after the respondent filed her formal complaint, moved to compel arbitration at their first opportunity).
Johnson v. Heritage Healthcare of Estill, LLC, Op. No. 2014-UP-318 [2014 WL 3845115] (S.C. Ct. App. filed August 6, 2014).
Even if this passage did not to meet the requirements of Rule 220(b), SCACR, the proper remedy would be to remand the case to the Court of Appeals and not a reversal, as it is not within a party’s power to compel that court to give a fuller explanation. In my opinion, however, there is simply no evidence in this record that Johnson overcame "the presumption against finding a party has waived its right to compel arbitration,” Dean v. Heritage Healthcare of Ridgeway, LLC, 408 S.C. 371, 388, 759 *516 S.E.2d 727, 736 (2014) (internal citation omitted), and therefore no necessity for such a remand.